Olayiwola O. Oduyingbo (RI Bar No. 9427)
Odu@odulawfirm.com
**ODU LAW FIRM, LLC**
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Telephone:   (401) 209-2029
Facsimile:    (401) 217-2299

Attorney for Plaintiff
Danny Xayvongsa

# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DANNY XAYVONGSA, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>HASBRO, INC., *alias*,<br><br>    Defendant. | Case No. _____<br><br>**COMPLAINT FOR:**<br><br>1. **Violation of the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq*.;**<br>2. **Violation of the Rhode Island Parental and Family Medical Leave Act, R.I. Gen. Laws § 28-48-1, *et seq*.;**<br>3. **Violation of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1, *et seq*.;**<br>4. **Violation of the Rhode Island Civil Rights Act, R.I. Gen. Laws § 42-112-1, *et seq*.;**<br>5. **Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.; and**<br>6. **Violation of the Rhode Island Civil Rights of People with Disabilities Act R.I. Gen. Laws, § 42-87-1, *et seq*.**<br><br>**DEMAND FOR JURY TRIAL** |

**TABLE OF CONTENTS**

Page

SUMMARY OF THE ACTION ........................................................................................1

PARTIES ............................................................................................................................1

JURISDICTION .................................................................................................................1

VENUE ...............................................................................................................................2

FACTUAL BACKGROUND AND GENERAL ALLEGATIONS ...................................2

    Danny Is Hired By Hasbro, Inc. As An Information Technology
        Professional And Has A Satisfactory Performance Record..........2

    Danny Is Involved In A Tragic Car Accident And Is Hospitalized..........3

    Hasbro Sends Danny A Notice Of Termination Less Than One
        Week After Danny Is Hospitalized ...............................................3

    Danny's Health Provider Sends Hasbro A Notice Concerning
        Danny's Hospitalization, Which Hasbro Disregards ...................4

    Danny's Involuntary Termination Causes Him Extreme Emotional
        Distress And Worsened His Conditions ......................................5

    Danny Exhausts His Administrative Remedies And Brings This
        Action............................................................................................5

CLAIMS FOR RELIEF ......................................................................................................6

PRAYER FOR RELIEF .....................................................................................................8

DEMAND FOR JURY TRIAL ..........................................................................................9

CERTIFICATE OF SERVICE ...........................................................................................1

**ODU LAW FIRM, LLC**
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

# COMPLAINT

## SUMMARY OF THE ACTION

1. Plaintiff Danny Xayvongsa ("Danny") brings this action against Defendant Hasbro, Inc. ("Hasbro" or "Defendant") to assert his rights and remedy grave and rampant discriminatory violations committed by Defendant. Danny seeks compensatory and punitive damages, counsel fees and costs, and other equitable relief arising out of violations of the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"); the Rhode Island Parental and Family Medical Leave Act, R.I. Gen. Laws § 28-48-1, *et seq.* ("RIPFMLA"); the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1, *et seq.* ("FEPA"); the Rhode Island Civil Rights Act, R.I. Gen. Laws § 42-112-1, *et seq.* ("RICRA"); the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"); and the Rhode Island Civil Rights of People with Disabilities Act, R.I. Gen. Laws, § 42-87-1, *et seq.* ("PWDA"). Danny hereby alleges as follows:

## PARTIES

2. Plaintiff Danny Xayvongsa is a citizen and resident of Providence, Rhode Island.

3. At all times relevant herein, Danny was employed by Defendant in the State of Rhode Island.

4. Defendant Hasbro, Inc. is a foreign limited liability company with its principal place of business located at 1027 Newport Ave, Pawtucket, RI 02861. Its resident agent is Tarrant Sibley, located at 1027 Newport Ave, Pawtucket, RI 02861

5. At all times relevant herein, Defendant was Danny's "employer" within the meaning of all relevant statutes.

## JURISDICTION

1. The United States District Court for the District of Rhode Island has federal subject matter jurisdiction under 28 U.S.C. § 1331 because Danny asserts claims arising under federal law. Specifically, this action arises, *inter alia*, under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

2. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over: (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom, or usage, of any right, privilege, or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

3. The United States District Court for the District of Rhode Island has supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims set forth herein, each of which arise out of a common nucleus of operative facts as the claims over which the Court has original jurisdiction.

4. The United States District Court for the District of Rhode Island has personal jurisdiction over Defendant because it has its principal place of business within this District, and it has sufficient minimum contacts in Rhode Island to render the exercise of jurisdiction by this Court both proper and necessary.

## VENUE

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant's principal place of business is in Rhode Island and Defendant conducts business in Rhode Island. Therefore, Defendant is deemed to reside in this District. Moreover, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and/or omissions giving rise to the claims asserted herein occurred in this District.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

### Danny Is Hired By Hasbro, Inc. As An Information Technology Professional And Has A Satisfactory Performance Record

6. Danny is an Asian male and disabled individual who resides in Providence, Rhode Island. Danny was hired approximately six years ago as an Information Technology professional at Hasbro, Inc.

2

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

7. Danny performed all duties satisfactorily and had a positive performance record.

8. In or around 2018, during Danny's tenure at Hasbro, he suffered a mental health illness episode. Danny suffers from, among other things, anxiety and depression.[1] He was admitted to Kent Hospital and Butler Hospital for this disability. Defendant was aware of Danny's condition and reason for admission to Kent Hospital and Butler Hospital. Danny's mental disabilities were both known and perceived by Defendant.

9. Danny's performance continued on a positive trend upon return.

**Danny Is Involved In A Tragic Car Accident And Is Hospitalized**

10. On February 3, 2022, Danny was involved in a catastrophic car accident. The accident left him severely injured. He was immediately hospitalized and in need of constant medical care for a two-week period.

11. Shortly after Danny's hospitalization, Danny's sister, Kellina Xayvongsa ("Kellina"), called Hasbro to inform them that Danny had been hospitalized due to a tragic car accident and would need to be temporarily excused from work.

**Hasbro Sends Danny A Notice Of Termination Less Than One Week After Danny Is Hospitalized**

12. Regardless of Kellina's call, on February 9, 2022 (less than one week since Danny had been hospitalized), Hasbro sent Danny a termination notice under the specious theory of "job abandonment." **A true and correct copy of the February 9, 2022, Termination Notice (the "Termination Notice") is attached hereto as Exhibit A.**

13. The Termination Notice, sent mere days after Danny was hospitalized, stated: "The Company is treating your failure to respond as job abandonment. Your access to Hasbro facilities and technology has been suspended…Your employment with Hasbro will be terminated

---

[1] Episodic mental health conditions, including those related to anxiety and depression, are considered disabilities under Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, and Section 1557 of the Affordable Care Act.

as of February 23, 2022." *See* Exhibit A.  After five dedicated and loyal years of service, Hasbro terminated Danny for purported "job abandonment" within a week of his hospitalization.

14. At no point did Hasbro in the Termination Notice inquire as to Danny's wellbeing, nor did it give him a chance to cure the issue.  The immediate assumption was that Danny "abandoned" his job, after he had loyally served the company for five years.  It felt to Danny as if Hasbro anticipated that Danny would need to take a medical leave, especially given Hasbro's knowledge of Danny's disabilities, and instead chose to terminate Danny to prevent him from taking FMLA leave to which he would have been eligible and entitled.  It was hard to believe that after being in a tragic car accident, Hasbro immediately froze Danny out, removed all company access, and terminated him.

### Danny's Health Provider Sends Hasbro A Notice Concerning Danny's Hospitalization, Which Hasbro Disregards

15. On February 18, 2022, before the effective date of Danny's termination (set for February 23, 2023), a provider at Rhode Island Hospital, Carol Wilson, wrote to Hasbro: "Danny Xayvongsa was admitted to Rhode Island Hospital from February 3, 2022 to February 18, 2022. Please excuse absences during this time." **A true and correct copy of the February 18, 2022, Letter is attached hereto as Exhibit B.**

16. Hasbro did not accept this letter and proceeded with terminating Danny, a loyal employee who had performed without any issues for five years.  Danny felt that Hasbro was looking for a pretextual reason to terminate him so that they would not have to deal with his disability or anticipated FMLA leave.  Had this not been the case, Hasbro would have accepted the letter from Rhode Island Hospital as a more than acceptable reason for Danny's unavoidable absence, and Hasbro would have rescinded the termination.  Hasbro did nothing of the sort.

17. Instead, Hasbro – knowing full well that Danny was hospitalized and that FMLA leave or temporary disability leave was anticipated – interfered with Danny's ability to take that leave by terminating him within a week of his hospitalization.  Hasbro did so under the guise of a boilerplate "job abandonment" allegation.  Danny would have been entitled to twelve weeks of

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

COMPLAINT

FMLA leave after his five dedicated years of employment with Hasbro. Instead, Danny was left without a job while medical bills continued to pile up from the tragic car accident.

### Danny's Involuntary Termination Causes Him Extreme Emotional Distress And Worsened His Conditions

18. Danny's termination, and the conditions under which it was executed, caused him extreme distress, and worsened his mental conditions. He had trusted that the company he had served for five years would at least inquire into his wellbeing after being hospitalized, that the doctor's note would more than suffice to excuse his unavoidable absence, and that his job would not be stripped away from him merely because he got in a car accident.

19. He had never even fathomed that he would be terminated less than a week after he was hospitalized, after years of loyal and dedicated service.

20. The involuntary termination has had a lasting effect on his self-esteem and mental health. After years of employment with no written or verbal discipline, Danny was simply discarded by Defendant without any meaningful chance of retaining his job.

### Danny Exhausts His Administrative Remedies And Brings This Action

21. On or about November 1, 2022, Danny filed a Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the United States Equal Employment Opportunity Commission ("EEOC").

22. Thereafter, and in accordance with R.I. Gen. Laws § 28-5-24.1(c), Danny elected to terminate all proceedings before the RICHR and the EEOC, and instead assert his rights and remedy Hasbro's violations in Court. On July 24, 2023, the RICHR issued Danny a Notice of Right to Sue. On September 13, 2023, the EEOC issued Danny a Notice of Right to Sue. Danny has therefore timely and properly exhausted administrative remedies and has satisfied all pre-conditions to the filing of this action.

23. The facts are straightforward – Hasbro knew of or perceived Danny's disability, became aware that Danny was hospitalized and anticipated that Danny would take leave, and interfered with his rights to do so by terminating him. Now, Defendant refuses to face the consequences. Danny brings this action to force Defendant to do so.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

## CLAIMS FOR RELIEF

24. Danny realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

### First Claim for Relief

*Violation of the Family Medical Leave Act, 29 U.S.C. § 2601, et seq.*

25. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful activity by interfering with Danny's leave for which he was eligible and instead terminating his employment. Defendant was aware of Danny's serious health conditions and interfered with Danny's FMLA rights. Danny's anticipated medical leave was a negative factor in Defendant's decision to terminate Danny's employment. Danny was subjected to adverse employment actions due to his disabilities, including through Danny's termination, which caused Danny to suffer damages as aforesaid.

### Second Claim for Relief

*Violation of the Rhode Island Parental and Family Medical Leave Act,*

*R.I. Gen. Laws § 28-48-1, et seq.*

26. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful activity by interfering with Danny's leave for which he was eligible and instead terminating his employment. Defendant was aware of Danny's serious health conditions and interfered with Danny's RIPFMLA rights. Danny's anticipated medical leave was a negative factor in Defendant's decision to terminate Danny's employment. Danny was subjected to adverse employment actions due to his disabilities, including through Danny's termination, which caused Danny to suffer damages as aforesaid.

### Third Claim for Relief

*Violation of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1, et seq.*

27. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful employment discrimination based

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

on Danny's disabilities within the meaning of the FEPA by refusing to provide reasonable accommodations in the form of medical leave, and instead terminating him. Making reasonable accommodations would not have created any undue hardship for Defendant. Defendant thereby otherwise deprived Danny of his rights secured under FEPA, causing Danny to suffer damages as aforesaid.

### Fourth Claim for Relief

*Violation of the Rhode Island Civil Rights Act, R.I. Gen. Laws § 42-112-1, et seq.*

28.     Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful discrimination based on Danny's disabilities within the meaning of the RICRA, and thereby otherwise deprived Danny of his rights secured under RICRA, causing Danny to suffer damages as aforesaid.

### Fifth Claim for Relief

*Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.*

29.     Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful employment discrimination based on Danny's disabilities within the meaning of the ADA. Danny was qualified to perform the essential job functions under the ADA, yet Defendant failed to make reasonable accommodations in the form allowing him to take medical leave after hospitalization, instead terminating him. Making reasonable accommodations would not have created any undue hardship for Defendant. Danny was subjected to adverse employment actions due to her disabilities, causing Danny to suffer damages as aforesaid.

### Sixth Claim for Relief

*Violation of the Rhode Island Civil Rights of People with Disabilities Act,*

*R.I. Gen. Laws, § 42-87-1, et seq.*

30.     Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful employment discrimination based on Danny's disability within the meaning of the PWDA. Danny was subjected to adverse employment actions due to his disability, including but not limited to Defendant's decision to

immediately terminate Danny within one week of his hospitalization. This caused Danny to suffer damages as aforesaid.

## PRAYER FOR RELIEF

WHEREFORE, Danny prays and respectfully requests that this Court grant the following relief:

A. A declaratory judgment declaring that the acts and/or omissions of Defendant, including, but not limited to those complained of herein, are in violation of the FMLA, RIPFMLA, FEPA, RICRA, ADA, and PWDA;

B. An injunction directing Defendant to take such affirmative action as is necessary to refrain from such conduct as is necessary to ensure that the effects of these unlawful employment practices are eliminated and not repeated;

C. An injunction or other equitable relief, including, but not limited to, an award of back pay, front pay or reinstatement, and other compensation and/or benefits, and to make Danny whole for all earnings and benefits Danny would have received but for the violations;

D. An award of all actual, general, special, incidental, statutory, punitive, compensatory, liquidated, consequential, and/or restitutionary damages to which Danny is entitled;

E. An award of prejudgment interest, reasonable attorneys' fees, and costs; and

F. Such other and further relief as this Court deems just and proper.

**ODU LAW FIRM, LLC**
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues triable as of right.

Dated: October 20, 2023

**ODU LAW FIRM, LLC**

By:   /s/ *Olayiwola O. Oduyingbo*

**Olayiwola O. Oduyingbo, Esq.**
RI Bar No. 9427
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Phone: (401) 209-2029
Fax: (401) 217-2299
Odu@odulawfirm.com

**ATTORNEY FOR PLAINTIFF,
DANNY XAYVONGSA**

## CERTIFICATE OF SERVICE

      I hereby certify that on October 20, 2023, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system. I further caused to be served, via the United States Mail, a copy of the foregoing document to counsel of record at their last known address.

By:  /s/ *Olayiwola O. Oduyingbo*

**Olayiwola O. Oduyingbo, Esq.**
RI Bar No. 9427
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Phone: (401) 209-2029
Fax: (401) 217-2299
Odu@odulawfirm.com

**ATTORNEY FOR PLAINTIFF, DANNY XAYVONGSA**